STATE *vs.* MARY BARRETT.

*Criminal Law—Arson—Indictment—Pleading.*

If an indictment for arson distinctly sets out that the house which is alleged to have been set on fire by the defendant was in the possession of a certain person as tenant, it is sufficient.

(*October 26, 1899.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Robert C. White,* Attorney-General, and *Peter L. Cooper, Jr.,* Deputy Attorney-General, for the State.

*Arley B. Magee* for the prisoner.

Court of Oyer and Terminer, Kent County, October Term, 1899.

ARSON (No. 13, April Term, 1899).

The indictment was as follows :

" The Grand Inquest for the State of Delaware and the body of Kent County, on their oath and affirmation, respectively, do present :

" That Mary Barrett, late of Little Creek Hundred, in the County aforesaid, on the twenty-third day of May in the year of Our Lord one thousand eight hundred and ninety-nine, with force and arms at the hundred aforesaid, in the county aforesaid, a certain dwelling house, the property of one John A. Nicholson and then and there occupied and in the tenancy of one James A. Lafferty, there situate, which said dwelling house was then and there occupied by human beings, to wit, by Jackson Lafferty, Ida Lafferty and Mary Lafferty, feloniously, wilfully and maliciously did set on fire; and the jurors aforesaid on their oath and affirmation, respectively, aforesaid, do further present, that by means of the

premises the said Mary Barrett then and there was and is guilty of the crime of arson of the first degree and felony," etc.

At the trial, counsel for the prisoner, moved to quash the indictment on the ground that under the statute (*Sec. 1, page 933, Rev. Code*), the indictment must allege the building to be the property of the occupier. It was not so alleged in the indictment.

*State vs. Bradley, 1 Houst., Crim. Cases, 164 ; 3 Greenleaf on Evidence, Sec. 53 ; People vs. Planarcum, 2 New York (Johnson's Reports), 105.*

LORE, C. J.:—The case of *State vs. Bradley, Houst., Crim. Cases, 164,* is an indictment for burning a barn, and there the tenant in possession is entitled to compensation money. The language of the Court can only be applied to that case. As a matter of course, the property must be laid in the tenant in possession in a case of that kind, because he was the person who was entitled to whatever compensation their might be. That was the case of a variance also between the allegations in the indictment. It is laid down by Greenleaf that the ownership of the house must be laid in some other person than the person himself.

This indictment distinctly sets out that this house which was alleged to have been set on fire by the person, was in the possession of Lafferty, the prosecuting witness, as tenant ; and we think there is enough in it to sustain the indictment. We refuse to quash the indictment.

NOTE—Lore, C. J., charged the jury. After remaining out over night, the jury reported that they could not agree and were thereupon discharged. The prisoner was subsequently indicted at the same term for manslaughter and pleaded guilty.